**David John DIERSEN, Plaintiff–Appellant,**

v.

**David M. WALKER, Comptroller General of the United States, Defendant–Appellee.**

No. 04–1012.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 2, 2004.[*]

Decided Nov. 4, 2004.

Rehearing En Banc Denied Jan. 5, 2005.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

David J. Diersen, Wheaton, IL, pro se.

Jack Donatelli, Office of the United States Attorney, Chicago, IL, for Defendant–Appellee.

Before BAUER, POSNER, and EASTERBROOK, Circuit Judges.

## ORDER

David Diersen worked for seventeen years at the United States General Accounting Office, now known as the Government Accountability Office. *See* David M. Walker, *GAO Answers the Question: What's in a Name?*, Roll Call, July 19, 2004, *available at* http://www.gao.gov/about/rollcall07192004.pdf. After retiring in 1997, he sued his former employer under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* He claims that the GAO discriminated against him based on his age (over 40), his race (white), and his gender (male), and retaliated against him for his opposition to its affirmative action policy. Specifically, he alleges that by giving him a lukewarm

performance evaluation and denying his request to be reassigned to a different work group, his supervisors forced him to take an early retirement.

The defendant moved for summary judgment. Given no direct evidence of discrimination, the district court analyzed Diersen's claims using the familiar *McDonnell Douglas* indirect method, which requires Diersen to present a *prima facie* case of discrimination or retaliation by showing (1) that he is in a protected group or engaged in protected activity; (2) that his job performance was adequate; (3) that he was subjected to an adverse employment action (or some other adverse action for retaliation); and (4) that similarly situated employees outside his group were not. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Volovsek v. Wisconsin Dept. of Agr., Trade and Consumer Protection*, 344 F.3d 680, 689 n. 7 (7th Cir. 2003).

The court found that Diersen could not make out a *prima facie* case. His performance evaluation and the denial of his transfer request were not themselves adverse employment actions, *see Smart v. Ball State Univ.*, 89 F.3d 437, 442 (7th Cir.1996) (performance evaluations); *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 900 (7th Cir.2003) (denials of lateral transfer); there was no evidence that he was forced into early retirement; and he identified no similarly situated employees who were treated more favorably. The defendant also provided reasons for Diersen's lukewarm performance evaluation (a decline in the quality of Diersen's work) and the denial of his transfer request (no need for additional personnel in the requested workgroup), and the court found no evidence that those reasons were pretextual. *See Davis*, 368 F.3d at 784. The court therefore granted the defendant's motion.

■ Diersen now argues that he did meet the requirements of *McDonnell Douglas* by showing adverse action, disparate treatment, and pretext. His argument, though, is largely conclusory, and he presents little evidence and practically no cases to support his position. To show disparate treatment, for example, he names a single minority employee, Melvin Thomas, who he alleges was given comparatively more opportunities to "productively use the pre-GAO knowledge he had gained" though his previous employment. But Diersen provides no record citation for this allegation, nor any account of how he and Thomas were similarly situated, nor any explanation of how this alleged difference in treatment is relevant to his claims of discriminatory performance review and denial of transfer. *See McDonald v. Village of Winnetka*, 371 F.3d 992, 1002–03 (7th Cir.2004) (similarly situated individuals must be similar in all relevant respects). Diersen's other arguments are along the same lines, and none of them calls into question the correctness of the district court's analysis.

■ Diersen also challenges the district court's conclusion that other allegations in his complaint—primarily concerning the disparate impact of the GAO's affirmative action policies, but including various other discriminatory and retaliatory acts dating from the beginning of his GAO employment in 1980—were not raised in his earlier EEO proceedings and so could not be pursued in the district court. *See Sitar v. Indiana Dept. of Transp.*, 344 F.3d 720, 726 (7th Cir.2003). Diersen now argues (again with virtually no factual or legal citation) that his disparate impact claim is reasonably related to the disparate treatment claims he pursued administratively, and so should be considered properly exhausted. But we agree with the district court's analysis— Diersen's disparate impact claim is conceptually and factually distinct from his

allegations of disparate treatment and re-taliation, and pursuing the latter does not exhaust the former. *See Noreuil v. Peabody Coal Co.*, 96 F.3d 254, 258–59 (7th Cir.1996). Nor can Diersen use the continuing violations doctrine to resurrect otherwise-untimely claims based on actions as far back as 1980. *See National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

The judgment of the district court is AFFIRMED.